## WAGONBLAST vs. WASHBRIM.

*Sixth Judicial District Court, October,* 1857.

### DESCRIPTION IN MORTGAGE.

The description in a mortgage of the property thereby encumbered, must be sufficient independently of anything *dehors* the mortgage to apprize a subsequent mortgagee of the same property, of the intention of the parties to the first mortgage, to charge the identical property; but the description must be fairly construed, and it is sufficient if the thing intended is clearly pointed out to a man of ordinary understanding, no matter what language may be employed.

The facts are stated in the opinion.

*Winans & Hyer,* for plaintiff.

*Clark & Gass,* for defendant.

BOTTS J.—An action of ejectment—jury waived, and facts as well as law submitted to the court.

In this case I find as matter of fact, that Hein and wife, being the owners of a portion of lot No. 1, in the block between 3d and 4th and K and L streets, in the city of Sacramento, executed a mortgage on the 21st day of April, 1853, to the defendant. In that mortgage the property conveyed is described as follows:

"Situate, lying and being in the city of Sacramento, and described on the map of said city as part of lot No. 1, in the square between K and L and 3d and 4th streets, bounded as follows: commencing at a point 60 feet west of the corner of K and 3d, running thence east on K street 20 feet, thence southerly 90 feet, thence westerly 20 feet, thence northerly 90 feet to the place of beginning."

This mortgage was duly recorded on the 22d day of April, 1853. On the 24th day of September, 1853, said Hein and wife executed a mortgage of the premises in controversy to one Noonen. The mortgage was duly recorded. Afterwards, on the 3d day of December, 1853, the said Hein and wife mortgaged the premises in controversy to J. J. Chauvitau.

In May, 1855, the defendant filed a bill in this court making Hein and wife, and Noonen, parties, in which she alleged that the premises

mortgaged to her by Hein and wife, although misdescribed, were in fact the premises in controversy, praying a decree of foreclosure and sale of said premises. On the 22d day of June, 1855, decree entered accordingly. The defendant purchased and entered under this sale.

Chauvitau assigned to Wagner, and Wagner to Shaffer. Shaffer on the 7th day of March, 1856, filed a bill of foreclosure, to which neither the defendant nor Noonen were parties. Decree of foreclosure accordingly and sale, at which Shaffer became the purchaser and finally received the Shaffer deed. Shaffer afterwards conveyed by deed to the plaintiff. Neither Chauvitau nor his assignees had any notice of the prior mortgage of the premises, except that furnished by the record of the mortgage to the defendant.

An examination of the map of the city referred to in the defendant's mortgage, shows that the premises in controversy are, in fact, situated in the northeast corner of lot No. 1, with a front of 20 feet on K street, being 90 feet deep. The same lot would be perfectly described in the mortgage to the defendant by substituting east for west in the description of the initial point. To run west from the corner of K and 3d would be to run into 3d street, as it is laid down on said map, and the description of the lot, literally construed, would place it wholly in 3d street.

To my mind, these facts present only one question, but that a very embarrassing one, because, after a careful examination of the numerous authorities furnished me by counsel, I have found none exactly in point. The question is, is the description in the mortgage to the defendant sufficient to apprize a subsequent mortgagee, without any matter *dehors* the mortgage itself, of the intention to convey the premises in controversy ? Chauvitau is supposed to have been possessed of all the information that is to be drawn from the words of the prior mortgage, and an examination of the map to which it refers. The description of the property intended to be conveyed is to be construed, and fairly construed, by subsequent purchasers, and as the only use of language is to convey ideas, it is sufficient, no matter what language is used, if the thing intended is unmistakably pointed out to a man of ordinary understanding. Now, is there any reasonable man, who, looking at the map to which he is referred, would not say when he is told that the lot intended is part of No. 1, and is directed to begin at the corner

of 3d and K, and run *west*, which carries him straight into 3d street, is there a reader of ordinary understanding that would not say at once, here is a clerical error, the grantor meant east instead of west ? I think not. I think the error is one that is patent upon the face of the deed, and could mislead nobody.

I hold, therefore, that Chauvitau had notice of the prior mortgage of the defendant, and, consequently, that the plaintiff's grantor got nothing by his purchase.

Let judgment be entered for the defendant.